Citation Nr: 1708255 
Decision Date: 03/17/17 Archive Date: 04/03/17

DOCKET NO. 12-35 303 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to an evaluation in excess of 10 percent for degenerative joint disease, lumbar spine. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1986 to June 1990.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia.

The Board previously issued a January 2016 decision denying entitlement to an evaluation in excess of 10 percent for the Veteran's lumbar spine disability. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims, which resulted in an October 2016 Joint Motion for Remand placing the issue back before the Board.

The Board acknowledges that a claim for a total rating based on individual unemployability (TDIU) due to service connected disability is part of an increased rating claim when such claim is expressly raised by the Veteran or reasonably raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). In this case, while the Veteran has reported limitations on employment due to his back disability in VA psychiatric treatment notes, at a VA psychiatric examination, and in a May 2015 statement, unemployability due to service-connected disability has not been raised. Accordingly, no further consideration of entitlement to a TDIU under Rice is warranted by the Board at this time.

In a December 2016 Brief, the Veteran's representative seemingly raised the issue of a pituitary or other growth disorder related to military service. Effective on March 24, 2015, VA amended its rules as to what constitutes a claim for benefits; such now requires that claims be made on a specific claim form prescribed by the Secretary, which is available online or at the local Regional Office. The Veteran is advised that if he wishes to open a claim, he do so using the prescribed form either in person or online (https://www.ebenefits.va.gov/ebenefits/).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

The Veteran contends that he is entitled to an evaluation in excess of 10 percent for his service-connected degenerative joint disease of the lumbar spine. In light of points raised by the parties in the Joint Motion for Remand, and the Board review of the claims file, additional development is warranted. 

In the Joint Motion for Remand, the parties noted the January 2012 VA examination, upon which the Board's January 2016 decision partially relied, was inadequate. The parties noted that the January 2012 VA examiner reported flare-ups which impacted the function of the Veteran's back, but the examiner failed to state whether the examination was conducted during a flare-up and whether pain could significantly limit functional ability during flare-ups, and failed to provide the degree of additional range of motion loss or otherwise explain why such could not be provided. Further, the VA examiner noted the Veteran's back disability did not have an impact on his ability to work, but failed to provide any rationale for this opinion, while the evidence of record indicates at least some functional limitation in employment. 

Pursuant to the Joint Motion for Remand, the Board finds that a new VA examination and opinion is warranted. As instructed in the Joint Motion for Remand, the new examination must adequately provide range of motion measurements to reflect functional loss due to pain and provide sufficient information to allow the Board to evaluate its adequacy pursuant to Mitchell v. Shinseki, 25 Vet. App. 32 (2011). See also 38 C.F.R. § 4.59; DeLuca v. Brown, 8 Vet. App. 202, 206 (1995). In Mitchell, the Court held that pain on motion is not limited motion, but required that an examiner adequately address the level of functional loss due to pain. Id. at 42-43.

Accordingly, the case is REMANDED for the following action:

1. Send notice to the Veteran requesting that he identify any additional private or VA treatment records for his claim being remanded. Request that he forward any additional records to VA to associate with the claims file or provide VA with authorization to obtain such records. 

Take appropriate steps to obtain any VA treatment records. Document all steps taken to obtain the records in the file.

2. Schedule the Veteran for a VA examination to ascertain the current severity of the Veteran's lumbar spine disability. All necessary tests should be conducted.

The examiner should provide findings as to the range of motion of the lumbar spine, including flexion and extension. 

The examiner should indicate whether range of motion is additionally limited due to such factors as pain on motion, weakened movement, excess fatigability, diminished endurance, or incoordination. In doing so, the examiner should offer an opinion as to whether pain could significantly limit functional ability during flare-ups or when the lumbar spine is used repeatedly over a period of time. Such determinations should, if feasible, be portrayed in terms of the degree of additional range-of-motion loss due to pain on use or during flare-ups. 

The examiner should specifically indicate whether, and at what point during, the range of motion the Veteran experienced any limitation of motion that was specifically attributable to pain. 

The examiner should also indicate if there is ankylosis of the lumbar spine or resultant neurological impairment. If there is neurological impairment, the examiner should identify the nerve or nerves involved and determine the manifestations. 

In addition, the examiner should describe the frequency and duration of any incapacitating episodes due to the lumbar spine disability, if applicable.

The examiner must provide a complete rationale for all the findings and opinions.

3. After all completed development, the AOJ should then readjudicate the claim. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided a Supplemental Statement of the Case and afforded the requisite opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).